UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN GIENIEC,                    : CIVIL NO: 3:09-CV-02330
                                  :
            Plaintiff             :
                                  : (Chief Judge Kane)
      v.                          :
                                  : (Magistrate Judge Smyser)
RICHARD SMITH,                    :
                                  :
            Defendant             :


## REPORT AND RECOMMENDATION


        The plaintiff in this case has failed to keep the court
informed of his address, failed to respond to the defendant's
discovery requests, failed to respond to the defendant's
motions, and failed to comply with orders of the court.  He has
abandoned this lawsuit.  Thus, we recommend that the court
dismiss the case.



I.  Background and Procedural History.


        In November of 2009, the plaintiff began this action by
filing a complaint.  The only remaining claim is an Eighth
Amendment failure-to-protect claim against defendant Smith.

When the plaintiff began this case, he was a prisoner at the Carbon County Correctional Facility.  Shortly thereafter, however, the plaintiff was released from that facility, and mail the court sent to him there was returned to the court as undeliverable.  Judge Vanaskie noted such in an order and suggested that the undersigned take appropriate action to locate the plaintiff. *See Doc. 10.*  In response to a letter from my law clerk, the Warden of the Carbon County Correctional Facility indicated that the plaintiff's last known address was 328 West White Street, Summit Hill, PA 18250. *See Doc. 12.*

In response to the letter from the Warden, the Clerk of Court indicated on the docket that she updated the plaintiff's address.  But, instead of changing the plaintiff's address to the 328 West White Street address provided by the Warden, the Clerk changed the plaintiff's address to 307 North Market Street, Summit Hill, PA 18250.  It is not clear from the docket where that address came from, but none of the documents that the court sent to the plaintiff at that address has been returned to the court as undeliverable.

2

In July of 2011, the defendant filed a motion to compel discovery and a brief in support of that motion.  He contended that the plaintiff had failed to respond to interrogatories and requests for the production of documents.  He also contended that the plaintiff had failed to execute a medical release allowing him access to the plaintiff's medical records.

The plaintiff did not file a brief in opposition to the defendant's motion to compel discovery.  In accordance with Local Rule 7.6, we deemed the plaintiff not to oppose the motion, and we granted the unopposed motion.  By an Order dated August 17, 2011, we ordered the plaintiff to serve, within fourteen days, the defendant with full and complete responses to the defendant's interrogatories and requests for the production of documents as well as an executed medical release allowing the defendant access to his medical records.  We warned the plaintiff that if he were to fail to comply with the Order, the court may impose sanctions including the dismissal of this action.

The defendant has filed a motion for sanctions and a
brief in support of that motion.  He contends that the
plaintiff failed to comply with the court's order, and he
requests that the court dismiss the case based on the
plaintiff's failure to prosecute.

The plaintiff has not filed a brief in opposition to
the motion for sanctions.  In fact, the plaintiff has not filed
anything in this case since he began the case.  It appears that
he has abandoned this lawsuit.  But, because the docket may not
have contained the correct address for the plaintiff, we were
not sure of that.  So, by an Order dated September 29, 2011, we
ordered the plaintiff to show cause, within fourteen days, why
the court should not dismiss this case based on his failure to
prosecute this action including his failure to keep the court
informed of his address, his failure to respond to the
defendant's discovery requests, his failure to respond to the
defendant's motions, and his failure to comply with the Order
of August 17, 2011.  The Clerk of Court was ordered to send a
copy of the show cause order to the plaintiff at 328 West White
Street, Summit Hill, PA 18250, and she did so.

4

The plaintiff has not filed a response to the show cause order.

II.  Discussion.

The plaintiff has failed to keep the court informed of his address, failed to respond to the defendant's discovery requests, failed to respond to the defendant's motions, failed to comply with the Order of August 17, 2011, and failed to respond to the show cause order.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Although dismissal is an available sanction, it is a drastic sanction which "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  In deciding whether to dismiss an action pursuant to Fed.R.Civ.P. 41(b), the court must balance the factors set forth in *Poulis*

*v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*.  No single factor is dispositive.  *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008).  Each factor need not be satisfied for the court to dismiss an action.  *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003).


The first *Poulis* factor is the extent of the party's personal responsibility.  In this case the plaintiff is proceeding *pro se.*  A *pro se* litigant is responsible for his actions.  The plaintiff is responsible for failing to keep the court informed of his address, failing to respond to the defendant's discovery requests, failing to respond to the defendant's motions, failing to comply with the Order of August 17, 2011, and failing to respond to the show cause order.

The second *Poulis* factor is prejudice to the adversary.
Examples of prejudice are "the irretrievable loss of evidence,
the inevitable dimming of witnesses' memories, or the excessive
and possibly irremediable burdens or costs imposed on the
opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d
Cir. 1984).  But prejudice for purposes of the *Poulis* analysis
is not limited to irremediable harm. *Ware, supra,* 322 F.3d at
222.  Rather, "the burden imposed by impeding a party's ability
to prepare effectively a full and complete trial strategy is
sufficiently prejudicial." *Id.*  The failure of the plaintiff to
cooperate with discovery and comply with the court's order
compelling discovery has prejudiced the defendant in his trial
preparations.  Without the disclosure of items ordered by the
court, the defendant has not been able to prepare for trial.
Additionally, the defendant incurred costs associated with
preparing and filing motions to compel discovery and for
sanctions.  The plaintiff's conduct has prejudiced the
defendant.

The third *Poulis* factor is a history of dilatoriness.
A "party's problematic acts must be evaluated in light of its
behavior over the life of the case." *Adams v. Trustees, N.J.
Brewery Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994).  The

plaintiff has a history of dilatoriness: he has failed to keep the court informed of his address, failed to respond to the defendant's discovery requests, failed to respond to the defendant's motions, failed to comply with the Order of August 17, 2011, and failed to respond to the show cause order.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams, supra,* 29 F.3d at 875. Because the plaintiff has not responded to the show cause order, we do not know why the plaintiff has been dilatory. But, given the plaintiff's history in this case of not filing anything after he began the case, we conclude that the plaintiff has acted in a willful manner.

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort. *Poulis, supra*, 747 F.2d at 869. It is incumbent upon the court to explore the effectiveness of lesser sanctions before ordering dismissal. *Id.* at 868. The plaintiff is proceeding *pro* se, and, so, it is questionable whether he would be able to pay monetary sanctions. Moreover, since the plaintiff has not responded to anything filed in this case, even if he were able

8

to afford to pay monetary sanctions there is no basis to
believe that he would do so.  Therefore, monetary sanctions,
including attorney's fees and costs, would not be an effective
sanction.  In this case, no sanction short of dismissal would
be effective.

The sixth *Poulis* factor is the meritoriousness of the
claim or defense.  In this inquiry, a claim will be deemed
meritorious when the allegations of the complaint, if
established at trial, would support recovery. *Poulis, supra,*
747 F.2d at 870.  The plaintiff's failure-to-protect claim
survived an initial screening of the complaint.  Thus, we
conclude it has legal merit.  We have no way of knowing at this
point given the plaintiff's complete failure to participate in
this case whether it has factual merit.

After weighing the *Poulis* factors, we conclude that
this case should be dismissed pursuant to Fed.R.Civ.P. 41(b).
The plaintiff has abandoned this lawsuit.

III.   Recommendations.


        Because the plaintiff has abandoned this lawsuit, we recommend that the court grant the defendant's motion (doc. 28) for sanctions, dismiss the case in accordance with Fed.R.Civ.P. 41(b), and close the case file.




                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  November 1, 2011.