IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN GIENIEC,  :   | |
|     Plaintiff   :   | No. 3:09-cv-02330 |
|   : | |
| v.   : | (Chief Judge Kane) |
|   : | |
| RICHARD SMITH,   : | (Magistrate Judge Smyser) |
|     Defendant   : | |

**ORDER**

Pending before the Court is a Report and Recommendation prepared by Magistrate Judge Smyser granting Defendant Smith's motion for sanctions (Doc. No. 28) and dismissing with prejudice Plaintiff Kevin Gieniec's complaint for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 34.) Plaintiff has not filed any objections. For the reasons that follow, the Court will adopt the Report and Recommendation.

On November 21, 2009, Plaintiff filed a complaint against Defendants James Youngkin, Lamar Fronheiser, Roberta Mertz, David O'Neill, and Richard Smith, alleging constitutional violations. (Doc. No. 1.) The only remaining claim is an Eighth Amendment failure-to-protect claim against Defendant Smith. When he filed his complaint, Plaintiff was a prisoner at the Carbon County Correctional Facility; however, he has since been released. The Court has taken appropriate action to locate Plaintiff, but Plaintiff has failed to keep the Court informed of his address, failed to respond to Defendant Smith's discovery requests, failed to respond to Defendant Smith's motions, and failed to comply with orders of the Court.

Prior to dismissing a case under Rule 41(b), the Court must first consider the factors articulated by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). Emerson v. Thiel College, 296 F.3d 184,

190 (3d Cir. 2002). The factors to balance are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (citing Poulis, 747 F.2d at 868). The Court has reviewed Magistrate Judge Smyser's analysis of the Poulis factors in this case and agrees that they weigh in favor of dismissal. First, Plaintiff is proceeding pro se, and thus is responsible for his own actions. Plaintiff is responsible for informing the Court of his address, responding to discovery requests, and complying with Court orders. Second, the failure of Plaintiff to participate in litigation has prejudiced Defendant Smith. Defendant Smith is unable to prepare for trial without the benefit of discovery. Third, Plaintiff's repeated failure to respond to motions, discovery requests, and orders evinces a history of dilatoriness weighing in favor of dismissal. Fourth, although he was given opportunities to file an amended complaint, to respond to Defendant Smith's motions and discovery requests, and to file objections to the Report and Recommendation, Plaintiff has failed entirely to communicate with the Court or Defendant Smith in any way. Plaintiff has not provided the Court with any reason for his nonperformance. Thus, while the Court does not have sufficient information to support a finding of bad faith or willfulness, this factor cannot be said to weigh against dismissal. In the absence of any explanation for Plaintiff's failure to prosecute, this factor is neutral to the Court's analysis. Fifth, monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent, having already been granted in forma pauperis status.

Finally, as to the sixth factor, "[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Poulis, 747 F.2d at 870.  Plaintiff's failure-to-protect claim meets this standard, and would be sufficient to support recover if Plaintiff were able to establish all of the allegations in his complaint.  Nonetheless, given Plaintiff's failure to participate in any way in the prosecution of his claim, a balancing of the Poulis factors supports dismissal of Plaintiff's lawsuit.

In balancing the Poulis factors, the Third Circuit has explained that "no single Poulis factor is dispositive," and "not all of the Poulis factors need be satisfied in order to dismiss a complaint."  Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  There is no "magic formula" to determine how the Poulis factors should be balanced, and the determination is within the district court's discretion. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).  In this case, while Plaintiff's claim may be meritorious and the Court lacks sufficient information to find that Plaintiff is acting either willfully or in bad faith in failing to prosecute his claim, all of the other Poulis factors support dismissal.  The Court is "powerless to provide protection, even as to a bona fide [civil rights] claim . . . , without the continued participation of the plaintiff, who after all is the one who commences the action and seeks redress through the judicial process."  Robinson v. English Dep't of the Univ. of Pa., Nos. 87-cv-2476, 87-cv-2554, 1988 WL 120738, at *3 (E.D. Pa. Nov. 8, 1988).  In this case, Plaintiff's utter failure to participate in litigation warrants dismissal pursuant to Federal Rule of Civil Procedure 41(b).

**ACCORDINGLY**, on this 8th day of December 2011, **IT IS HEREBY ORDERED THAT** the Report and Recommendation of Magistrate Judge Smyser (Doc. No. 34) is

**ADOPTED** consistent with the foregoing reasoning, and Defendant Smith's motion for sanctions (Doc. No. 28) is **GRANTED**. This case is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to close the case.

        S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania